# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES ODOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIV-07-554-R |
| | ) | |
| JAMES PATRICK REEDY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter comes before the Court on the Notice to Vacate for Improper Service, which the Court construed as a Motion to Vacate Default Judgement, filed by Defendant James Patrick Reedy. Plaintiff responded in opposition to the motion. For the reasons set forth herein, the Motion to Vacate is GRANTED.

Plaintiff filed this action on May 11, 2007. Pursuant to the proof of service submitted by the Plaintiff, Defendant Reedy was served on May 17, 2007, when the summons and complaint were left with Danielle Reedy at 5916 East University, #144, Dallas, Texas 75216, the same address used by the Defendant on his notice to vacate. The process server checked the box that indicated that "copies were left at the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein." An answer was due within twenty days of proper service. On June 15, 2007, Plaintiff requested that entry of default and a default judgment be granted in its favor against James Patrick Reedy. The Court entered the judgment in light of Defendant's failure to timely file an answer to the complaint. Defendant now contends that he "was never served and [does] not know anything about this matter."

Under Rule 60(b)(4), the Court may grant relief from a default judgment on the ground that the judgment was void. "A judgment is void ... if the court which rendered it lacked jurisdiction . . .of the parties. . . ." *United States v. Buck*, 281 F.3d 1336, 1344 (10th Cir.2002)(quotation omitted). Plaintiff contends that Defendant Reedy was properly served because service of process was left at his home with his daughter. *See* Federal Rules of Civil Procedure 4(e)(2) (service may be effectuated by delivering a copy of the summons and complaint to the dwelling house or usual place of abode with some person of suitable age and discretion then residing therein).

Plaintiff bears the burden of establishing that service was proper. *Howard Johnson International, Inc. v. Wang*, 7 F.Supp.2d 336, (S.D.N.Y. 1998).

> "As this court has noted, "[p]ersonal service under Rule 4 serves two purposes: notifying a defendant of the commencement of an action against him and providing a ritual that marks the court's assertion of jurisdiction over the lawsuit." *Okla. Radio Assocs. v. FDIC*, 969 F.2d 940, 943 (10th Cir.1992). Thus, "Rule 4 service of process provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served." *Id*. Absent proper service of the complaint on the defendants, the district court lacked jurisdiction over the defendant officers. *See Chester v. Green*, 120 F.3d 1091 (10th Cir.1997).

*Price v. Cochran*, 66 Fed.Appx. 781, 786 (10th Cir. 2003). In this case it is unclear from the affidavit of service that service was properly effected under Rule 4, because there is no indication therein of facts to conclude that Danielle Reedy truly was "of suitable age and discretion" or that she "resided therein." Accordingly, because the Plaintiff has failed to establish that service was proper, and because there is a preference for litigation on the merits, the Court finds that the default judgment and entry of default should be vacated.

Plaintiff is hereby ordered to effect proper service on the Defendant Reedy, which may include another attempt at service pursuant to Rule 4(e)(2) properly supported by factual information.  Defendant shall then answer accordingly, and he is reminded that despite the fact that he may appear without counsel that he is required to comply with all Federal Rules of Civil Procedure as well as this Court's Local Civil Rules.[1]

    IT IS SO ORDERED this 17th  day of August 2007.

*/s/ David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[1] The Court further notes that default judgment, as opposed to a mere entry of default, should not have been entered in Plaintiff's favor because he asserts that Defendants are jointly and severally liable. *See Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145 (10th Cir. 1985) ("when multiple defendants are alleged to be jointly liable and fewer than all defendants default, the district court may not render a liability determination as to the defaulting parties unless and until the remaining defendants are found liable on the merits.... This result avoids inconsistent liability determinations among joint tortfeasors.").