IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

TIMOTHY TYRONE ROCKWELL,         )
                                 )
          Petitioner,           )
                                 )
v.                               )    Case No. CIV-07-330-R
                                 )
DAVID PARKER, Warden, et al.,    )
                                 )
          Respondents.          )

## ORDER

Petitioner, a state prisoner appearing *pro se*, filed this action pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus. Pursuant to 28 U.S.C. § 636(b)(1)(B), this matter was referred to United States Magistrate Judge Bob Bacharach for preliminary review. On June 19, 2007, Judge Bacharach issued a Report and Recommendation, wherein he recommended that a motion to dismiss filed by the Respondents be denied. The matter is currently before the Court on Respondents' objection to the Report and Recommendation.

As a matter of law, the Court undertakes *de novo* review of those portions of the Report and Recommendation to which specific objection has been made. *See* 28 U.S.C. § 636 (b)(1)(C); *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir.1991). Judge Bacharach recommended that the motion to dismiss be denied because Petitioner had alleged facts which, if proven, could support the application of principle of equitable tolling and statutory tolling. Respondent disagrees.

As noted, Respondents filed a motion to dismiss, asserting that the petition was untimely under 28 U.S.C. § 2244(d)(1)(A). Respondents challenge Judge Bacharach's

application of the principles of equitable tolling, arguing that the Report and Recommendation applies the principle too liberally.

There is no dispute that Petitioner's conviction became final on December 15, 2003, ninety days after the Oklahoma Court of Criminal Appeals affirmed his conviction on direct appeal. Additionally, it is not disputed that Petitioner filed his application for post-conviction relief on September 15, 2004 in the District Court of Oklahoma County, which operated to toll the statute of limitations pursuant to 28 U.S.C. § 2244(d)(2) after 275 days, leaving 90 days remaining. The District Court of Oklahoma County denied the application on April 26, 2005, and no notice of appeal was filed with the Oklahoma Court of Criminal Appeals. Petitioner alleges that he was not informed of the decision of the District Court of Oklahoma County until July 29, 2005, despite repeated inquiries to his retained counsel regarding the status of his post-conviction application. Accordingly, Judge Bacharach opined that construing the facts in the light most favorable to the Petitioner, that equitable tolling was possible for the period of time from May 27, 2005 until July 29, 2005, representing the time between when a notice of appeal should have been filed with the Oklahoma Court of Criminal Appeals and the date Petitioner learned of the denial of his application for post-conviction relief.

The one-year limitation period in 28 U.S.C. § § 2244(d) may be equitably tolled when an inmate demonstrates that he diligently pursued his claims and that his failure to file within the limitation period was caused by extraordinary circumstances. *See Marsh v. Soares*, 223

F.3d 1217, 1220 (10th Cir.2000). Judge Bacharach concluded that Petitioner's allegations that his retained counsel repeatedly failed to respond to requests for information regarding the status of his post-conviction application in the District Court of Oklahoma County were sufficient to allege exceptional circumstances to support a theory of equitable tolling until January 11, 2006, when Petitioner filed his pro se application for leave to appeal out of time.[1] Respondent takes issue with Judge Bacharach's recommendation that this entire time period be subject to equitable tolling.

Respondent first argues that Petitioner is not entitled to tolling for the period of time between May 26, 2005, when his time to appeal the denial of his post conviction application expired, and July 29, 2005, when he allegedly learned of counsel's failure to communicate the April 26, 2005 denial of his state post-conviction application. Respondent contends that Petitioner should have kept himself informed about the status of his application. The Court disagrees. Based on Petitioner's allegations it is apparent that he retained counsel and was relying on counsel and his misrepresentations that the petition had not yet been acted upon by the Court. In *Fleming v. Evans*, 481 F.3d 1249, 1256 (10th Cir. 2007), the Court concluded that "sufficiently egregious misconduct on the part of a habeas petitioner's counsel may justify equitable tolling of the AEDPA limitations period." The Court concludes that counsel's conduct in Petitioner case was sufficiently egregious so as to entitle Petitioner to

---

[1] Judge Bacharach further recommended that the statute of limitations period be statutorily tolled from the date of the filing of Petitioner's request for leave to appeal out of time in the District Court of Oklahoma County through the Oklahoma Court of Criminal Appeals's decision to deny the untimely appeal.

equitably toll the period between May 26, 2005, when statutory tolling ended, and July 29, 2005, when Petitioner learned that the District Court of Oklahoma County had denied his application for post-conviction relief and counsel had not perfected an appeal. Specifically, counsel allegedly misrepresented the status of the case despite numerous inquiries from Petitioner and his family, counsel failed to inform his client of the unfavorable result, and counsel failed to timely file an appeal, for which he had allegedly been paid. Accordingly, the Court concludes that Petitioner is entitled to tolling of the statute of limitations period until July 29, 2005.

Judge Bacharach further concluded that Petitioner might be entitled to equitable tolling for the period between July 29, 2005 and January 11, 2006, when he sought leave to appeal out of time from the District Court of Oklahoma County. The Court agrees with Respondent that Petitioner is not entitled to equitable tolling of this entire period of time and that the petition is therefore untimely.

On August 1, 2005, Petitioner drafted a letter to his counsel, Charles Rouse, noting therein that he had been informed on July 29, 2005 that his post conviction application had been denied by the District Court of Oklahoma County. Petitioner noted that as a result of Mr. Rouse's failure to notify him of the unfavorable decision that Petitioner had lost the opportunity to timely appeal his case. Petitioner further noted that Mr. Rouse had been paid for an appeal but had failed to file one according to the original agreement between Petitioner's mother and Mr. Rouse. Finally, Petitioner requested that he be given a copy of

his transcripts and all other information that he had provided Mr. Rouse regarding his case so that he could attempt to further his proceedings, because Mr. Rouse had breached their agreement.

Unlike the inmate in *Fleming*, the Court concludes that Petitioner was aware on August 1, 2005, actually on July 29, 2005, that his counsel had not filed an appeal and was not going to file an appeal, and Petitioner was not attempting to persuade or force counsel to file an appeal out of time. Rather, it is apparent from Petitioner's letter that he intended to pursue his case without Mr. Rouse's assistance. Armed with the knowledge that his attorney had not filed an appeal and that a timely appeal was now foreclosed, Petitioner clearly sought to terminate his relationship with his counsel. Rather than immediately seeking leave to appeal out of time, which does not require a substantive review of the merits of an appeal, but rather required him to establish that he was denied leave to appeal through no fault of his own, Petitioner waited until January 11, 2006 to seek such leave. The Court would agree that some equitable tolling of this period would be fair; however, the tolling of the entire time period is too great. The Court concludes that thirty days would have been a sufficient period for petitioner to seek leave to appeal out of time pursuant to the procedures set forth in Okla. Stat. tit. 22 Ch. 18, Appellate Rule 2.1(E)(1), which requires an application to be filed with the district court asserting the denial of an appeal through no fault of his own. The facts to support such an application were within Petitioner's knowledge at the time he drafted his August 1, 2005 letter to counsel, and tolling until January 11, 2006 is not

warranted.

Even if the Court assumes that Petitioner is entitled to equitable tolling for thirty days, that is until August 29, 2005, his time for the filing of a habeas corpus petition under § 2254 expired ninety days later, on November 28, 2005, well before Petitioner filed his application for leave to appeal out of time with the District Court of Oklahoma County. Thus, the petition is untimely.

Although the Court recognizes the tolling principles set forth in *Fleming*, the Court concludes that this case is factually distinguishable, largely because it is apparent that Petitioner did not expect any additional filings by his counsel when he received notice In July that his post-conviction application had been denied many months prior. Accordingly, the Court concludes that the State has supported its burden of establishing that the petition was not timely filed. This conclusion is supported in part by Petitioner's response to the motion to dismiss, wherein he argued that counsel's shortcomings should excuse exhaustion, but he did not argue in favor of equitable tolling.

For the reasons set forth herein, the Court declines to adopt the Report and Recommendation entered by Judge Bacharach. The petition is hereby dismissed as untimely filed.

IT IS SO ORDERED this 17th day of August 2007.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE